**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

GAYLA LUTYK, AS PERSONAL
REPRESENTATIVE OF THE DECEDENT
ASHLEY O'CONNOR                                      :
108 K St.
Clearwater, FL 33759

      Plaintiff                              Civil Action No.: _____

    v.

                                           :

OCEAN CITY, MARYLAND c/o
MAYOR AND CITY COUNCIL
301 N. Baltimore Avenue
Ocean City, MD, 21842

                                           :

      Defendant

**COMPLAINT AND PRAYER FOR JURY TRIAL**

COMES NOW the Plaintiff Gayla Lutyk as Personal Representative of the Estate of Ashley O'Connor, by and through her attorney Edward J. Brown, Esquire, and files this Complaint against the Defendant, and states:

**COUNT I**

1. Plaintiff Gayla Lutyk is the mother of Ashley O'Connor, and the Personal Representative of the Estate of Ashley O'Connor.

2. The decedent Plaintiff Ashley O'Connor lived in and was a citizen of Plano, Collins County, Texas prior to her death, and the Estate of Ashley O'Connor was established in Collins County, Texas, and pursuant to 28 USC § 1332(c)(2) Plaintiff is a citizen of Texas.

3. The damages are in excess of the sum of $75,000.00, exclusive of interest and costs.

4. Defendant is a citizen of the State of Maryland, and thus there is complete diversity of the parties.

5. Accordingly, the United States District Court for the District of Maryland has subject matter jurisdiction over, and is the appropriate venue for, this action. *See* 28 U.S.C.A. §1332(a)(1); 28 U.S.C.A. §1391(b)(2); 28 U.S.C.A. §100.

6. Timely notice was provided pursuant to the Maryland Local Government Tort Claims Act on or about August 28, 2017.

7. The decedent, Ashley O'Connor, died on July 31, 2017, after suffering severe pre-death pain, injuries and extreme anguish, and ultimately death by asphyxiation as a result of being entrapped and buried alive by the Defendant and its agents, servants, and employees, acting within the scope of their agency, service and employment, and thus Plaintiff is entitled to damages pursuant to Maryland's survival action law.

8. Ashley O'Connor's death was due to the negligence, gross negligence, reckless and/or wanton and willful conduct of the Defendant Ocean City, Maryland and its agents, servants and employees ("Defendant").

9. Plaintiff's action arises from the July 31, 2017 occurrence on or at the Ocean City beach at or near Second St. in Ocean City, Maryland, wherein Ashley O'Connor was entrapped and buried alive by Defendant, and otherwise harmed and damaged as a result of her injuries and the ensuing horrific death, caused by and sustained due to the negligent, grossly negligent, reckless and/or willful and wanton conduct of Defendant as described in more detail below.

10. Defendant Ocean City by express and/or implied invitation induces and causes visitors to use the beaches day and evening, and derives great benefit and income from its encouraging of visitors to use its beaches, and knew, allowed, acquiesced and/or encouraged the use of its beaches in the evening, including not limiting, monitoring, blocking and/or barricading access to its beaches at night, and particularly not limiting, monitoring, blocking and/or

barricading access to those sections of the beaches which were set to have, and then did have, dangerous equipment operations performed upon them, instead proceeding with a wanton, willful and/or reckless disregard for human life and safety and/or the rights of those so beckoned to its beaches, and/or once there, entrapping its visitors, such as Ashley O'Connor, who was so entrapped and ultimately lost her life.

11. Defendant also had a duty to warn, including providing effective and conspicuous warnings which communicated the nature and severity of the danger and consequences, and/or implementing protections and access barriers against, the dangers of which it was and/or should have been aware, and of which Ashley O'Connor was not aware, including the danger that its operations would not be performed with due lookout, training, supervision or care.

12. Defendant, Ocean City, Maryland elected to perform knowingly dangerous operations and in fact performed these operations on the beach upon which Ashley O'Connor died, and possessed duty to use reasonable care to avoid injury to persons on the beach in general and to Ashley O'Connor in particular, including but not limited to avoid injury to her after the danger was discovered, and as Ashley O'Connor was in plain sight, the danger was discovered and/or Defendant was aware of or is charged with knowledge of the danger, but still breached these duties, including entrapping Ashley O'Connor, running over Ashley O'Connor not once but also a second time, causing her injuries, pain, anguish, fear, suffering and horrific death, and is liable for its negligent, grossly negligent, reckless and/or wanton and willful acts and omissions of its agents, servants and employees.

13. That during the night of July 31, 2017, Defendant's agents failed to see what was and/or should have been plainly visible, namely the decedent Ashley O'Connor in a hole on the beach, failed to control their equipment including but not limited to a tractor pulling a long,

heavy drag, failed to exercise due diligence in general and with reckless and/or willful and wanton disregard of human life, particularly given the awareness of visitors and a large number of holes on the beach on the night in question, yet drove over and/or drove the drag over Ashley O'Connor (not once, but multiple times) entrapping her, failing to look into the hole in which Ashley O'Connor was located, and then entrapped, failing to slow, steer and/or otherwise take steps to slow or stop the equipment so as to be able to determine if a person was in the hole and/or otherwise in danger, and/or by failing to take reasonable steps to refrain from harming and/or worsening the harm to Ashley O'Connor, both initially and then after being entrapped by Defendant.

14. That these acts, omissions and breaches were committed negligently, recklessly, grossly negligently and/or wantonly and willfully, including the knowledge possessed by the operators that there were regularly persons on the beach at night, and that there were persons on the beach that evening, that there were a large number of holes on the beach, that the operations were dangerous if not conducted with due diligence, care and regard for human life, that failing to keep a keen lookout and observe for warning signs as well as persons on the beach would foreseeably result in severe injury or death, and by compounding these reckless and/or grossly negligence acts and omissions by not avoiding the holes and/or avoiding the holes until a thorough and careful observation of same had been conducted, but rather straddling the hole in which Ashley O'Connor was located and causing the drag to go over the hole more and Ashley O'Connor more than once, burying her alive and causing her death, all of which demonstrate an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

15. That the Defendant's negligence, gross negligence, recklessness, wantonness, and/or willful disregard of life, safety and its obligations in performing operations on the beach and/or having undertaken the actions at issue, caused and/or contributed to the death of the decedent, Ashley O'Connor, without any negligence on the part of the decedent contributing thereto.

16. That the Defendant's negligence, gross negligence, recklessness, wanton and/or willful conduct, and breaches, include the acts and omissions set out above, and also include but are not limited to failing to properly train its employees, including failing to train the employees to observe, inspect and/or investigate holes before straddling and/or pulling the drag over them, observing the area including holes on prior passes, failing to warn its visitors including Ashley O'Connor, failing to take steps to limit or prevent access to the areas to be worked upon, failure to make sure the area to be worked upon was clear and free of visitors prior to working on that area, all of which was conducted an utter indifference to and/or conscious disregard for the safety of others visiting the beach, such that wanton and willful action with actual and/or deliberate intention to cause harm or which, or the equivalent of same, was committed, as well as in acts, omissions and breaches in other manner presently unknown to Plaintiff.

17. That the aforesaid conduct was a proximate cause of the decedent, Ashley O'Connor's horrific and painful death, without any negligence or fault on the part of the decedent contributing thereto.

18. That had Ashley O'Connor not been killed by the aforesaid acts and omissions, she would have been entitled to bring an action for the pre-death injuries, pain, suffering, fear, anguish and other physical and emotional suffering she endured as she was buried alive and ultimately deprived of oxygen to the point of fatal asphyxiation.

19. As Ashley O'Connor did not survive, pursuant to Maryland law, Plaintiff is entitled to bring a survival action.

20. That the decedent, Ashley O'Connor was caused horrific pain, suffering, fear, anguish, injuries and other physical and emotional suffering she endured as she was buried alive and ultimately deprived of oxygen to the point of fatal asphyxiation, including the anguish of fear of, and then realization of, impending death as a result of the Defendant's acts and omissions.

WHEREFORE, the Plaintiff sues the Defendant and demands judgment of One Million Dollars ($1,000,000.00) in compensatory damages plus costs, pre-judgement and post judgment interest.

Respectfully submitted,

Edward J. Brown   (04739)
Law Office of Edward J. Brown, LLC
3300 N. Ridge Road, Suite 245
Ellicott City, MD 21043
410-465-5291 office
410-465-0078 fax
brown@budbrownlaw.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury on all matters at issue herein.

Edward J. Brown (04739)